James R. HERMSDORFER, Sr. and Anna
J. Hermsdorfer, et al., Plaintiffs,

v.

AMERICAN MOTORS CORP., American
Motors Sales Corporation and Jeep
Corporation, Defendants.

No. Misc. Civ. 82–153.

United States District Court,
W.D. New York.

Sept. 24, 1982.

---

**14**

Kevin J. Sullivan, Buffalo, N.Y., for plaintiffs.

R.W. Larson, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiffs have filed and served three deposition subpoenae in connection with a case pending in the United States District Court for the Middle District of Pennsylvania, apparently a wrongful death action involving a vehicle—a "CJ–5 Jeep"—manufactured and distributed by defendants. Plaintiffs seek to depose three experts in the field of vehicular testing who, under contract with defendants, have performed experiments with the Jeep in question and similar Jeeps, with respect to their alleged propensity to overturn while being driven. Defendants have moved to vacate the subpoenae primarily on the grounds that plaintiffs have not shown that the requirements of Fed.R.Civ.P. rule 26(b)(4)(B) are satisfied here.

Rule 26 sets forth general provisions governing discovery in civil matters; rule 26(b)(4), captioned *"Trial Preparation: Experts,"* provides:

"Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows[.]"

Subparagraph (b)(4)(A) provides that, where such experts are expected to be called by another party as witnesses, discovery of their opinions and of facts known to them may be had by interrogatory to the other party, or by other means upon an order of the court. Subparagraph (b)(4)(B), on which defendants rely, provides in relevant part:

"A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only * * upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

Plaintiffs have not attempted to show the existence of "exceptional circumstances" within the meaning of rule 26(b)(4)(B); indeed, it is apparent that plaintiffs have access to expert studies done on the same subject by other experts, as well as access to models of the vehicle in question with which further tests and studies could be conducted. Plaintiffs, rather, urge that the experts involved were not retained "in anticipation of litigation or preparation for trial" or, alternatively, that if they were retained for such purpose they were also retained for the purpose of informing defendants of the qualities of their product for the pure business purpose of investigating the same and that this "dual purpose" renders rule 26(b)(4)(B) inapplicable.

Defendants have been subjected to numerous claims and lawsuits arising from roll-over accidents involving the Jeep in question and similar models. Many of these claims and lawsuits were pending or had been settled by the time that a study by the Insurance Institute for Highway Safety, purporting to demonstrate a dangerous propensity for CJ–5 Jeeps to roll over when making curves at relatively slow speeds, was released in December 1980. It is evident that this study and films made in connection with it have been used in one or

more trials of cases involving such vehicles. Plaintiffs do not dispute that defendants retained the subpoenaed experts to evaluate this study and to conduct independent testing of the vehicles.

■ A vice-president of defendant American Motors Corp. has submitted, in opposition to the subpoenae, his sworn statement that the experts sought to be deposed were retained for consultation "for pending and future cases involving Jeep CJ–5 vehicles." I find the conclusion inescapable that the experts were "retained or specially employed by [defendants] in anticipation of litigation or preparation for trial" within the meaning of rule 26(b)(4)(B). Lead counsel in the pending Pennsylvania lawsuit has submitted his affidavit to the effect that he does not intend to call the experts as witnesses in that trial, and would promptly notify plaintiff's counsel and supplement defendants' responses to discovery if such intention should change so as to make rule 26(b)(4)(A) applicable.

■ Plaintiffs rely heavily upon language in *Grinnell Corp. v. Hackett,* 70 F.R.D. 326, 333 (D.R.I.1976), stating that in order for rule 26(b)(4)(B) to apply "the information sought [must have been] obtained for the very purpose of preparing for the litigation in question." This language is not inconsistent with applying rule 26(b)(4)(B) to expert information obtained for the purpose of preparing for *numerous* lawsuits, some perhaps already filed and others yet anticipated merely as a matter of statistical or logical probability. The information sought here was indeed obtained for the very purpose of preparing for this litigation—and all other similar litigations against defendants. *Cf., Crockett v. Virginia Folding Box Co.,* 61 F.R.D. 312, 319–320 and n. 18 (E.D.Va.1974) (study commissioned after Supreme Court decision alerted defendants to possible litigation against them; the court would reconsider upon showing that litigation had not been "really imminent" when study was concluded).

■ Plaintiffs' ability to depose the subpoenaed experts thus depends on whether the fact that the experts may have been employed for a "dual purpose"—preparing for litigation and product improvement—renders them not protected by rule 26(b)(4)(B). I hold that such a dual purpose for the retention of experts does not serve plaintiffs' purpose. There is no reason a party should be deprived of the protection of rule 26(b)(4)(B) merely because he or she economically makes double use of expensive expert consultation. Moreover, a contrary holding would undermine the important public policy of encouraging defendants to repair or improve their products without fear that such actions will later be used against them in a lawsuit, the policy underlying the common law and federal evidence rule barring admission of subsequent remedial measures (which in this circuit is applied in strict products liability cases with full effect (*see Cann v. Ford Motor Co.,* 658 F.2d 54, 59–60 (2d Cir.1981)). Parties are protected from any resultant undue deprivation of relevant evidence by the provisions of rule 26(b)(4)(B) itself.

In accordance with the foregoing, defendants' motion to vacate the herein filed deposition subpoenae is hereby ORDERED granted.