Gary C. GRINDELL and Jacquelyn Grindell, Plaintiffs,

v.

AMERICAN MOTORS CORPORATION, American Motors Sales Corporation, Jeep Corporation, Jeep Sales Corporation, and Fairfield's Motors, Inc., Defendants.

Misc. No. Civ.–85–106C.

United States District Court, W.D. New York.

Oct. 28, 1985.

Anderson, Pentland, Sbrogna & Horton (Ralph F. Sbrogna, of counsel), Worcester, Mass. and James N. Hite & Associates (John Richard Streb, of counsel), Buffalo, New York, for plaintiffs.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y. (R. William Larson, and Howard E. Berger, Buffalo, N.Y., of counsel), for movant William F. Milliken.

CURTIN, Chief Judge.

William F. Milliken, Jr., has moved pursuant to Rule 26(b)(4)(B) and (c) of the Federal Rules of Civil Procedure for an order quashing a deposition notice and subpoena. The court issued a temporary re-

straining order enjoining the deposition of Mr. Milliken pending decision on his application.

Plaintiffs seek to depose Mr. Milliken regarding tests he performed as a consultant for defendant American Motors Company [AMC] in 1981. This is the third time Mr. Milliken has sought similar relief from this court. In both prior instances, his motion was granted. *Hermsdorfer v. American Motors Corp.*, 96 F.R.D. 13 (W.D.N.Y.1982), and *Ogle v. United States of America and American Motors Corp.*, Misc.Civ. 84–142C (1985).

■ Mr. Milliken, an engineer, is president of Milliken Research Associates, Inc., an independent research and consulting firm. In 1981, he was retained by the American Motors Corporation to evaluate tests performed on the AMC model CJ–5 Jeep and to conduct tests on a model 1981 CJ–5 Jeep. He was retained both in anticipation of litigation within the meaning of Rule 26(b)(4)(B) and to evaluate the vehicle for product improvement. Such "dual purpose" retention does not remove Milliken from the protection of Rule 26(b)(4)(B). *Hermsdorfer*, 96 F.R.D. at 15.

Defendants will not call Mr. Milliken at trial. Plaintiffs acknowledge, as they must, that they may obtain facts or opinions held by a non-testifying expert only upon a showing of exceptional circumstances under which it is impracticable for them to obtain such information by other means (Rule 26(b)(4)(B)).

Plaintiffs seek to place themselves outside the holdings in *Ogle, supra,* and *Hermsdorfer, supra,* by urging that they will depose Mr. Milliken regarding factual matters surrounding his relationship with AMC, not his opinion as an expert. Plaintiffs cite no authority for this proposition.

■ I do not find this attempt persuasive or sincere. Rule 26(b)(4)(B) protects both facts *and* opinions held by non-testifying experts. To permit a party to depose an expert as to the facts surrounding his retention without a showing of exceptional circumstances would circumvent the rule.

It would subject non-testifying experts, whom the rule was designed in part to protect, to repeated depositions.

According to plaintiffs, there are "a myriad of factual matters" central to their case which do not appear within "the four corners of the report." Plaintiffs make no effort to elaborate on these "factual matters." They offer no evidence from which even a hint of bias on the part of Mr. Milliken can be gleaned.

Furthermore, plaintiffs admit that they can obtain the details of Mr. Milliken's retention from another source—the defendants. They express concern about obtaining the information from "defendant's perspective." There is no indication that defendant AMC would not give plaintiffs accurate information about its past relationship with Mr. Milliken. In fact, plaintiffs do not say whether they have even sought this information from defendant.

As for Mr. Milliken's expert opinions, plaintiffs are free to hire their own experts to critique his report or to examine the jeeps themselves.

■ Plaintiffs have not shown exceptional circumstances. Mr. Milliken's motion is granted, and the deposition notice and subpoena are quashed and vacated.

Mr. Milliken also seeks sanctions under Rule 11. Before this action progressed, plaintiffs were advised of the two prior decisions of this court regarding Mr. Milliken. As noted earlier, I find their attempt to circumvent those decisions unpersuasive. It was neither "well grounded in fact" nor "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." Fed.R. Civ.P. 11. Plaintiffs have offered no facts or legal authority to support their position.

Also, it appears that plaintiffs may not be proceeding in good faith. In their notice of deposition, plaintiffs asked Mr. Milliken to bring all documents relating to the analysis, evaluation, or testing of the jeeps at issue. It seems, from this request, that plaintiffs were seeking the information twice ruled to be protected by this court.

■ Mr. Milliken's motion to quash is granted. He is awarded costs and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. Counsel for Mr. Milliken shall file an affidavit in support of the application on or before December 2, 1985. A response shall be filed on or before January 13, 1986. The court will then set a date for a meeting.

So ordered.