PER CURIAM.
Holly Coralluzzo, the respondent/patient in a medical malpractice action, sued Dr. Philip Freedland, a shareholder in Radiology Associates, a professional corporation. She also sued individually the other shareholders in Radiology Associates, the petitioners/physicians.
Coralluzzo alleged that Dr. Freedland was acting on behalf of Radiology Associates and that the petitioners were vicariously liable for his negligence. Coralluzzo deposed two of the petitioners, Drs. Sher and Robbins, asking for an expert opinion on Coralluzzo’s X-rays. Dr. Sher sought a protective order which was denied. Dr. Robbins declined to interpret the X-rays which he had never seen before. Coralluz-zo then moved to strike the defense pleadings. The trial court denied the motion but ordered the physicians to answer questions about the X-rays. A writ of certiorari by the petitioners followed.
We agree with the petitioners that a doctor is not required to render an expert opinion where, as in this case, he has no knowledge of the facts and has had no previous contact with the patient. This court held in Young v. Metropolitan Dade County, 201 So.2d 594, 596 (Fla. 3d DCA), cert. denied, 207 So.2d 690 (Fla.1967), that a non-treating physician could not be required to render expert testimony where he “had absolutely no knowledge of the facts[,] had not agreed to render expert testimony at deposition or at trial for either party, and ... had never examined or treated the plaintiff at any time.” Cf Kridos v. Vinskus, 483 So.2d 727, 731 (Fla. 4th DCA 1985) (detective subpoenaed to testify as an expert “may not willy nilly be compelled to testify purely because he is an expert, but only because he has information bearing rather directly on the case”). We, therefore, quash the order under review which provides to the contrary.
If these physicians form an expert opinion prior to trial, they will, of course, be expected to inform counsel for Coralluzzo and be deposed accordingly. See Fla.R. Civ.P. 1.280(b)(1), (3).
Certiorari granted; order quashed.