Michael **PERRY**, Michael Perry, Administrator of the estate of Glenda Perry, Beverly Sue Guinn, Administratrix of the Estate of Johnnie Guinn, and Donald Guinn, Administrator of the Estate of Marjorie Guinn

v.

**JEEP EAGLE CORPORATION,** successor in interest to American Motors Corporation and Jeep Eagle Sales Corporation, successor in interest to American Motors Sales Corporation.

No. IP 88–685–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 8, 1989.

George Clyde Gray and Daniel L. Robinson of Gray, Robinson, Eckert & Ryan, Indianapolis, Ind., and R. Ben Hogan II of Hogan, Smith Alspaugh, Samples & Pratt, Birmingham, Ala., for plaintiffs.

Wayne C. Kreuscher and James A. Smith of Barnes and Thornburg, Indianapolis, Ind., and Marc R. Brosseau of Weller, Friedrich, Ward and Andrew, Denver, Colo., for defendants.

## ORDER

STECKLER, District Judge.

This matter comes before the Court upon the motion of Jeep Eagle Corporation and Jeep Eagle Sales Corporation ("defendants") for reconsideration of the Court's order of April 27, 1989, or, in the alternative, for certification of the decision for interlocutory review. Defendants also request a stay of the deposition until such time as there has been a final ruling, through appeal or otherwise, of plaintiffs' request to depose Kenneth I. Gluckman ("Gluckman"), Assistant General Counsel with Chrysler Motors.

In its order of April 27, 1989, the Court denied defendants' motion for a protective order and ruled that plaintiffs could depose Gluckman with respect to the "Milliken–Rice testing" performed for defendants' predecessors. Plaintiffs oppose the motion to reconsider or for certification for interlocutory review, and state that defendants' motion "raises no new issues but reargues issues previously submitted."

Having considered the motion, the memorandum of law and Appendix A, the Court now finds that defendants' motion for reconsideration of the Court's order of April 27, 1989, or, in the alternative, for certification of the decision for interlocutory review must be granted in part and denied in part. The Court grants defendants' motion for reconsideration and will order quashed the notice of the taking of Gluckman's deposition scheduled for June 14, 1989. The Court denies defendants' motion for certification of the April 27, 1989 order for an interlocutory appeal. The Court also concludes that defendants' request for a stay of plaintiffs' deposition of Gluckman is now moot.

In its order of April 27, 1989, the Court concluded that plaintiffs had established the relevancy of the information they seek to obtain in deposing Gluckman. Order at 4–5. The Court stated that "[t]he informa-

tion which Gluckman might possess, concerning the Milliken–Rice testing and final report, directly relates to the allegations in plaintiffs' second amended complaint." Order at 5. During the hearing held on defendants' motion for a protective order, on March 27, 1989, plaintiffs' counsel stated that the earlier versions of the report "had comments which were extremely critical of this vehicle and proved that management really knew that in fact the vehicle is defective, as we say in this case." Transcript at 15. Plaintiffs' counsel also stated, "[o]bviously, we need to find out from Mr. Gluckman what he knows about the alteration of these documents.... the whole thing goes to show that American Motors really knew all along about the rollover defects, which is one of the contentions in our case." Transcript at 16.

In their motion for reconsideration, defendants argue that plaintiffs' strict liability and negligence claims do not require knowledge of the alleged defect. Further, defendants argue that the complaint does not even allege that defendants were aware of the rollover defects and propensities of the Jeep CJ–5. Rather, defendants assert that plaintiffs' complaint alleges that the Jeep had been defectively designed, sold in a defective condition, in this defective condition from the time of its manufacture and that defendants breached duties to exercise reasonable care in the manufacture or sale thereof. Defendants also state that plaintiffs want to ask Gluckman about a study conducted in 1981, even though plaintiffs' Jeep was manufactured three years earlier. Therefore, defendants argue, the Milliken–Rice study could not be relevant to whether the 1978 model was defective or whether defendants were negligent in producing the 1978 model.

As the Court stated in its decision of April 27, 1989, in order for plaintiffs to depose Gluckman, the information sought must be relevant and nonprivileged. Order at 3 (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986)). The Court agrees with defendants that plaintiffs' second amended complaint does not specifically allege that defendants had knowledge about the rollover defects and

propensities of the Jeep CJ–5. Further, to prove that defendants are strictly liable or negligent in the manufacture of a 1978 Jeep, plaintiffs would not have to show that defendants' management knew that tests conducted in 1981 were critical of the vehicle. Therefore, Gluckman's knowledge of any negative comments or assessments of the Jeep CJ–5, contained in the Milliken–Rice report, would not be relevant to plaintiffs' strict liability and negligence claims.

Defendants also remind the Court that they do not intend to call the preparer of the Milliken–Rice report or use the report at all in this case. Defendants have offered to stipulate to this. Thus, defendants argue that there can be no danger of a unilateral testimonial use or selective disclosure of work product materials, thereby justifying a waiver of the work-product privilege. *See* Order at 8–9 (citing *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1974)).

Defendants' arguments on this point are persuasive. If at trial, defendants do not introduce the Milliken–Rice report in support of their position that the Jeep CJ–5 is a safe vehicle, then there can be neither a one-sided use nor a selective disclosure of only the favorable parts of the Milliken–Rice report. Therefore, two principles with which the Court was concerned, implied waiver and fairness, would not require a full disclosure of the final report and underlying documents or a deposition of Gluckman concerning the testing. Further, a biased presentation of the relevant facts will not occur if defendants do not use the report of the Milliken–Rice testing as evidence.

█ Finally, defendants also argue that plaintiffs should not be allowed to depose Gluckman because the information concerning the Milliken–Rice report is protected from discovery by Fed.R.Civ.P. 26(b)(4)(B). Defendants contend that this rule prohibits a party from discovering by any means the facts known or opinions held by its opponents' non-testifying experts unless the party shows that it cannot obtain facts or opinions on the same sub-

ject by other means. Defendants assert that Rule 26(b)(4) protects the expert, the party, and the underlying information sought to be discovered. 4 *Moore's Federal Practice* ¶ 26.22[2] (2d ed.1987).

The Court stated in its order of April 27, 1989, that the legal department of American Motors, predecessor to Jeep Eagle, in anticipation of litigation and in preparation for the trial of pending and anticipated lawsuits, commissioned the Milliken–Rice testing. Order at 2. The Court also recognized that Milliken is a non-testifying expert not subject to discovery. *Id.* at 4. As defendants state, Rule 26(b)(4) protects information, whether facts or opinions, that a party obtains from its non-testifying expert retained for litigation. Therefore, if a party's expert will not testify, and thus is not subject to being deposed, then the information that the expert has obtained and passed along to the party, cannot be acquired directly from a deposition of the party absent a showing of exceptional circumstances.

A showing of exceptional circumstances requires the party seeking discovery to establish that it is impracticable for him to obtain facts or opinions on the same subject by other means. In its order of April 27, 1989, the Court did not find that it was impracticable for plaintiffs to obtain any facts or opinions on whether a Jeep CJ–5 has a tendency to rollover when going from dry to icy pavement. As defendants correctly note, other courts have stated that plaintiffs have access to different expert studies which have been performed on the Jeep. *Grindell v. American Motors Corp.*, 108 F.R.D. 94, 95 (W.D.N.Y.1985); *Hermsdorfer v. American Motors Corp.*, 96 F.R.D. 13, 14 (W.D.N.Y.1982). Plaintiffs also stated during the hearing that another court has ordered defendants to give plaintiffs the underlying documents, earlier drafts, and correspondence relating to the Milliken–Rice testing. Transcript at 14. Therefore, the Court finds that plaintiffs have not established the exceptional circumstances necessary for discovering information from Gluckman, including facts or opinions, relating to his knowledge of the Milliken–Rice testing. The Court con-

cludes that plaintiffs should not be permitted to depose Gluckman.

Accordingly, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion for reconsideration of the Court's order of April 27, 1989, or, in the alternative, for certification of the decision for interlocutory review. Having reconsidered its order of April 27, 1989, the Court now orders quashed the plaintiffs' notice of the taking of the deposition of Kenneth I. Gluckman scheduled for June 14, 1989.

Further, the Court denies defendants' motion for certification of the April 27, 1989 order, and also concludes that defendants' request for a stay of the deposition is now moot.

IT IS SO ORDERED.