**In re SHELL OIL REFINERY.**

**Robert ADAMS, Sr.**

v.

**SHELL OIL COMPANY.**

**Civ. A. No. 88–1935, 88–2719.**

United States District Court, E.D. Louisiana.

Dec. 4, 1990.

John J. Cummings, III, Liaison Counsel, Cummings, Cummings & Dudenhefer, New Orleans, La., for plaintiff.

Thomas J. Wyllie, Adams and Reese, New Orleans, La., for Shell Oil Refinery.

James F. Holmes, Christovich & Kearney, New Orleans, for Brown & Root U.S.A., Inc.

## ORDER AND REASONS

MENTZ, District Judge.

This matter is a class action suit arising from a May 5, 1988 explosion in the catalytic cracking unit at the Shell Oil Refinery in Norco, Louisiana. The question before the Court is whether the Plaintiffs' Legal Committee (PLC) can depose ten employees of the defendant, Shell Oil Company (Shell), who are non-testifying members of Shell's post-accident investigation team.

■ This matter presents another occasion for the Court to address the rule governing discovery of experts not expected to testify at trial, Fed.R.Civ.P. 26(b)(4)(B). Under Rule 26(b)(4)(B), the facts known and opinions held by non-testifying experts who are retained or specially employed in anticipation of litigation or preparation for trial are subject to discovery only in exceptional circumstances or as provided in Rule 35(b).[1]

In a prior opinion dated September 26, 1990, the Court addressed whether Rule 26(b)(4)(B) protection applied to two Shell employees, R.E. Nordstrom and Paul A. Nelson, both of whom were members of Shell's investigation team. *See In re: Shell Oil Refinery,* 132 F.R.D. 437 (E.D. La.1990). The PLC sought the documents and test results underlying Nordstrom's and Nelson's preliminary expert reports and to depose them about those materials. The parties had exchanged the preliminary expert reports. The PLC's stated purpose was to avoid the substantial expense of having their own experts conduct the same tests. Apparently, because the PLC's request focused on discovering materials and knowledge developed during the post-accident investigation, neither party raised the subject of whether Nordstrom and Nelson could be deposed about facts or opinions gained as regular employees of Shell *prior* to being specially employed as members of Shell's investigation team.

The Court held that in-house experts can be experts "retained or specially employed" within the meaning of Fed.R.Civ.P. 26(b)(4)(B). The Court found that Nordstrom and Nelson were specially employed as members of Shell's investigation team in preparation for trial, and that the PLC failed to demonstrate the exceptional circumstances necessary to conduct discovery. Thus, the Court ruled that Nordstrom and

---

1. Rule 26(b)(4)(B) provides:
   A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Nelson were protected from discovery by the provisions of Rule 26(b)(4)(B). Nordstrom and Nelson are among the ten employees the PLC has currently noticed for deposition.

Shell seeks to quash the ten depositions on the ground that each of the employees sought to be deposed is protected from discovery by Rule 26(b)(4)(B), citing the Court's prior ruling addressing Nordstrom and Nelson. That is, they are all non-testifying, in-house experts, who were retained or specially employed members of Shell's post-accident investigation team. Considering the previous court orders precluding discovery of specially employed in-house experts not expected to testify at trial, Shell maintains that the PLC improperly noticed the depositions and should be sanctioned under Fed.R.Civ.P. 11.

■ Rule 26(b)(4)(B) is designed to protect an expert's facts or opinions gained in the course of litigation assistance. The Rule does not protect facts or opinions of expert employees developed while conducting business activities related to matters in issue, but before being specially employed. *See* Pielemeier, *Discovery of Non–Testifying 'In–House' Experts Under Federal Rule of Civil Procedure 26*, 58 Ind.L.J. 587, 600 (1984) ("Facts known or opinions held by experts before the prospect of litigation arose, such as the process by which a product was produced and an expert's opinion at the time of production of the safety process, are not protected.") *See also Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.C.Cir. 1979) ("[O]ne may simultaneously be a litigational expert with Rule 26(b)(4) protection as to some matters and simply an unprotected actor or witness as to others, . . . .")

■ Like Nordstrom and Nelson, the other eight men the PLC seeks to depose are regular employees of Shell, who through their regular duties have knowledge about pre-explosion refinery activities in issue in this litigation. Subsequent to the explosion, they were retained or specially employed to use their respective fields of expertise to assist Shell's investi-gation team in defending this suit. To hold that they were not specially employed would deter the use of in-house investigative/consultative teams many attorneys rely on in complex cases such as this.

Thus, the employees in question wear two hats: one of a specially employed expert in anticipation of litigation with Rule 26(b)(4)(B) protection; and one of an ordinary witness protected only by the standards of relevancy. Which hat they wear depends on whether their knowledge was gained in the course of their special employment as members of the investigation team or in the course of their regular duties. Accordingly, the Court finds the PLC may depose these ten employees only about facts known and opinions held prior to being specially employed in preparation for trial.

The Court's ruling today does not conflict with the opinion in *Hermsdorfer v. American Motors Corp.*, 96 F.R.D. 13, 15 (W.D.N.Y.1982). In *Hermsdorfer*, the retained expert's knowledge gained in the course of his special employment was used not only to defend a lawsuit, but also for improvement of company operations. The court correctly held that the expert was protected from discovery by 26(b)(4)(B), even though his expertise was used for dual purposes. Whether the expert could be deposed about pre-retention knowledge was not in issue in *Hermsdorfer*.

Shell argues that as a practical matter pre- and post-retention knowledge cannot be segregated for the purposes of discovery. The Court disagrees, but recognizes that there is the potential for abuse. Without doubt, the PLC would like to question the deponents about facts known and opinions held by virtue of their work on the investigation team. For the reasons set forth herein and in the prior opinion of September 26, 1990, that will not be permitted. The PLC is expected to maintain proper limits on its questioning. Shell has sufficient procedural means available for protection in the event that the PLC crosses the boundaries of proper discovery.

■ Shell is not entitled to sanctions against the PLC. The Court's prior rulings

were limited to discovery of knowledge and materials generated by experts *after* being specially employed in preparation for trial. The discovery request in question is broader. The PLC seeks, based on existing legal authority, to have the court reconsider its prior rulings, and additionally, address the discovery of facts and opinions held by Shell employees prior to their special employment. Under these circumstances, there is no evidence of a Rule 11 violation or contumacious conduct.

Accordingly,

IT IS ORDERED that Shell's Motion to Quash and for Sanctions Against the PLC is DENIED. The PLC may depose the ten Shell employees only about facts known and opinions held *prior* to being specially employed in preparation for litigation.

IT IS FURTHER ORDERED that the Court's September 26, 1990 opinion is CLARIFIED. The holding that "the plaintiffs are not entitled to any discovery of experts not expected to testify at trial" applies only to facts known and opinions held by Nordstrom and Nelson subsequent to being specially employed in preparation for litigation.