Henrique SANTOS

v.

**RANDO MACHINE CORPORATION, Johnson & Johnson and Southern Mill Supply Corporation of Georgia**

v.

**UNION WADDING COMPANY.**

**Civ. A. No. 92–0271P.**

United States District Court, D. Rhode Island.

July 27, 1993.

2. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).

Schreiber & Schreiber, Ira L. Schreiber, Cranston, RI, for plaintiff.

Rice, Dolan & Kershaw, Mark A. Fay, Providence, RI, for Rando Mach. Corp.

Kiernan, Plunkett & Redihan, Mark P. Healy, Providence, RI, for Union Wadding Co., Inc., third-party defendant.

## MEMORANDUM AND ORDER

LOVEGREEN, United States Magistrate Judge.

Third-party defendant, Union Wadding Company ("Union"), has filed a motion for protective order pursuant to F.R.Civ.P. 26(b)(4)(B) to prevent the plaintiff, Henrique Santos ("Santos"), from taking the deposition of its non-testifying expert. Plaintiff objects arguing that Union's expert is not protected by F.R.Civ.P. 26(b)(4)(B).

*Facts*

Santos was injured on August 14, 1989 during his course of employment with Union. While working on a machine manufactured, distributed and/or designed by one of the defendants, Santos suffered the loss of four fingers on his right hand. Subsequently, Santos applied for and received workers' compensation benefits from Union for this injury and also brought this product liability action seeking compensatory damages.

Within a few days following this incident, Union, through its workers' compensation insurance carrier, Liberty Mutual Insurance Company ("Liberty"), retained an expert, Darry Robert Holt ("Holt"), "in anticipation of litigation as an expert to investigate the machine, to render his expert opinion and also to assure a safe work place."[1] Union specifically states it will not call Holt for testimony at time of trial. Following his examination of the machine, Holt prepared a report dated October 24, 1989. A copy of

---

**1.** Memorandum of law filed by Union Wadding Company at p. 1.

Holt's report and photographs taken at the time of his examination of the involved machinery have been provided to Santos' attorney.

Santos also retained an expert, George J. Geisser, III ("Geisser"), who examined the same machinery approximately six weeks after the incident and rendered an opinion. Santos now seeks to depose Union's expert, arguing (1) that Holt was not retained in anticipation of litigation or (2) that exceptional circumstances exist, including substantial changes to the machinery subsequent to the Holt examination and prior to the Geisser examination, requiring Holt's deposition be taken.

*Discussion*

F.R.Civ.P. 26(b)(4)(B) provides:

"A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

■ Santos correctly points out that Union has the burden of establishing that Holt was retained in anticipation of litigation. *Taroli v. General Elec. Co.,* 114 F.R.D. 97, 98 (N.D.Ind.1987); *Binks Manufacturing Company v. National Presto Industries, Inc.,* 709 F.2d 1109, 1119 (7th Cir.1983).

■ Whether an expert was retained "in anticipation of litigation" depends upon the facts of each case. *Taroli v. General Elec. Co.,* 114 F.R.D. at 99. It must be shown that the investigation was conducted knowing that the claim would "likely lead to litigation." *Binks Manufacturing Company v. National Presto Industries, Inc.,* 709 F.2d at 1119. Here, Santos suffered a very severe injury which undoubtedly would lead to an extensive and permanent disability. It is certainly reasonable to believe that Liberty, on behalf of Union, wanted to protect itself from the obvious workers' compensation claim and, more importantly, to seek recovery of any

workers' compensation lien from the responsible manufacturer, designer or distributor of the machine. There would be no other purpose in retaining Holt unless such recovery and the resulting litigation was anticipated since Holt's opinion would not be any defense to Santos' workers' compensation claim. Clearly then, Liberty retained Holt in anticipation of litigation against the manufacturer etc. of the machine in question.

The fact that Holt was retained to investigate and render an opinion *and* "to assure a safe work place" does not remove the protection of Rule 26(b)(4)(B). Such dual purpose does not vitiate this protection. *In re Shell Oil Refinery,* 134 F.R.D. 148, 150 (E.D.La. 1990); *Grindell v. American Motors Corp.,* 108 F.R.D. 94, 95 (W.D.N.Y.1985). I find that Union has shown that Holt was retained "in anticipation of litigation or preparation for trial." F.R.Civ.P. 26(b)(4)(B).

■ The second issue in this matter is whether Santos has shown "exceptional circumstances" to justify the taking of Holt's deposition.

Non-testifying experts are subject to a more restrictive discovery standard under Rule 26(b)(4)(B) than testifying experts. *Mantolete v. Bolger,* 96 F.R.D. 179, 181 (D.Ariz.1982). Discovery as to non-testifying experts can be taken only where "exceptional circumstances" exist in that it is "impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." *Id.* at 181.

"The reason for this rule is that while pretrial exchange of discovery regarding experts to be used as witnesses aids in narrowing the issues, preparation of cross-examination and the elimination of surprise at trial, there is no need for a comparable exchange of information regarding non-witness experts who act as consultants and advisors to counsel regarding the course the litigation should take."

*Id.* at 181.

In order to determine whether "exceptional circumstances" have been shown here, we must examine whether it is impractical to require Santos "to obtain facts or opinions on the same subject by other means." *Perry v.*

**22**

*Jeep Eagle Corp.,* 126 F.R.D. 542, 545 (S.D.Ind.1989); *Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp.,* 108 F.R.D. 304, 310 (D.P.R.1985).

Santos concedes that he obtained an expert, Geisser, who investigated and examined the machine approximately six weeks following the incident. Geisser examined the machine once more subsequently and is seeking to examine the machine for a third time. Santos claims the machine has been substantially altered before Geisser commenced his examination. There is a dispute as to the extent of such alterations. Nevertheless, Santos has the photographs of the machine taken by Holt two days following the incident as well as Holt's written description. Also Santos has his own recollection of how the machine looked and operated on the day of the injury and prior thereto. Additionally, Santos can depose fellow workers and officials of Union as to the appearance and operation of the machine both on the day of the injury and prior thereto. In short, Santos has many sources of information as to the condition of the machine just prior to injury. Discovery is still in process and Santos has an opportunity to secure additional information as to relevant facts. Lastly, Santos does not contend his expert, Geisser, cannot give an opinion, but that he (Geisser) would like additional information from Holt.

Under the circumstances, plaintiff has adequate "other means" to obtain facts and opinions on the design, manufacture, appearance and operation of the machine at the time of this incident. Discovery of Union's expert cannot be permitted under Rule 26(b)(4)(B).

*Conclusion*

The motion of third-party defendant, Union Wadding Company, for a protective order pursuant to F.R.Civ.P. 26(b)(4)(B) as to the deposition of Holt is GRANTED.