851 So.2d 280 (2003)
CITY OF JACKSONVILLE, Petitioner,
v.
Susan RODRIGUEZ, as Personal Representative of Robert Rodriguez, Deceased, Respondent.
No. 1D03-0106.
District Court of Appeal of Florida, First District.
August 6, 2003.
*281 Howard M. Maltz, Assistant General Counsel, Office of the General Counsel for the City of Jacksonville, Jacksonville, Petitioner.
Robert B. Guild, Floyd L. Matthews, Jr., of Spohrer, Wilmer, Maxwell & Matthews, Jacksonville, Respondent.
POLSTON, J.
Respondent Susan Rodriguez filed a medical negligence claim against the petitioner City of Jacksonville, alleging in her complaint that the City and two of its paramedics in the Fire and Rescue Department (JFRD) were negligent when the paramedics responded to Robert Rodriguez's complaint of chest pain at his residence, causing his subsequent death. The City denies it was negligent.
During pretrial discovery, the City filed a motion for protective order seeking to prohibit Respondent from forcing Captain Murray Kramer, a JFRD employee, to provide his opinions at deposition regarding whether the two paramedics who treated the decedent during the Emergency Medical Services (EMS) response at issue in this case, acted negligently or outside the applicable standard of care for paramedics, or breached the patient treatment protocols of the JFRD. The City asserted that because Captain Kramer had not been named as an expert who would testify at trial and he has no first hand knowledge of the facts giving rise to this action, such inquiry of his expert opinions is prohibited and would impermissibly invade the City's work product privilege.
The City also sought to prohibit as irrelevant, and beyond the scope of discovery, Respondent's inquiry of Captain Kramer's knowledge regarding an alleged breach of patient confidentiality by two other JFRD employees who did not treat the decedent during the EMS call at issue and who had subsequently mishandled the EMS report pertaining to the decedent.
In support of its Motion for Protective Order, the City filed the affidavit of Captain Kramer. The affidavit stated in relevant part:
5. Affiant was not involved as Quality Assurance Officer, or in any other official capacity, in reviewing the response of Jacksonville Fire & Rescue to Robert Rodriguez on October 31, 1999 during the EMS response that is the subject matter of the above-styled case in determining whether or not the care rendered by paramedics Robert Lane and Jesse Brown was or was not within the standard of care for paramedics and/or in compliance with Jacksonville Fire & Rescue's Standard Operating Procedures or Protocols. Affiant's only involvement as Quality *282 Assurance Officer involved issues surrounding a potential breach of patient confidentiality, by two members, Phillip Nadeau and Stephen Grant, by removing the EMS report pertaining to Mr. Rodriguez's treatment. Mr. Nadeau and Mr. Grant had no contact with the patient Mr. Rodriguez during the EMS response on October 31, 1999 which is the subject matter of the above-styled case.
6. Affiant has consulted with counsel for the City in this matter regarding EMS care issues; however, Affiant has been advised that he is not intended to be called as an expert witness in those or any areas.
During the motion hearing, the trial court stated that the inquiry into Captain Kramer's opinion regarding the paramedics' standard of care and compliance with JFRD patient treatment protocol did not call for expert testimony. The trial court denied the City's motion for protective order, ruling that Captain Kramer's testimony is relevant, he has knowledge of this particular incident gained from his review of various documents, and that the City cannot make him a non-testifying consulting expert under the circumstances of this case so that the work product privilege does not apply or the privilege has been waived.[1] We grant the City's petition in part and deny it in part.

I.
It is well established that, in order to establish entitlement to certiorari relief, the Petitioner must demonstrate both that the order under review departs from the essential requirements of law and that the order will cause irreparable harm which cannot be remedied on plenary appeal. See Fla. R.App. P. 9.030(b)(2)(A); Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000); Charlotte County v. General Development Utilities, Inc., 653 So.2d 1081, 1084 (Fla. 1st DCA 1995); State v. Lozano, 616 So.2d 73, 75 (Fla. 1st DCA 1993)(stating that "the time, trouble, and expense of an unnecessary trial are not considered `irreparable injury' for these purposes").
First, we agree with the City that Captain Kramer's opinion regarding the paramedics' standard of care and compliance with JFRD patient treatment protocol requires "special knowledge or skill about the subject" that he is called to testify on. A lay person without specialized training, knowledge, or skill cannot render opinions as to whether a healthcare professional breached an applicable standard of care or failed to follow medical protocol. Accordingly, that solicited testimony is expert opinion. See Fla. R. Civ. P. 1.390(a)(defining expert witness, including one possessing special knowledge or skill about the subject upon which called to testify); section 90.702, Fla. Stat. (2002)(stating that a witness is qualified as an expert by knowledge, skill, experience, training, or education). Although Captain Kramer is an employee of the City, he may still be considered an expert. See Dunn v. Sears, Roebuck & Co., 639 F.2d 1171, 1174 (5th Cir.1981).
Even if an expert witness has relevant knowledge and opinions, the adverse party is limited in its ability to discover them under the general work product rule.[2]See Charles W. Ehrhardt, Florida Evidence § 502.9 at 348 (2002 ed.). Discovery from experts not expected to be called as a witness at trial are *283 not subject to discovery except as provided by Fla. R. Civ. P. 1.360(b)(relating to examination of persons) or "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fla. R. Civ. P. 1.280(b)(4)(B). Because Captain Kramer is not expected to be called as a witness at trial, and the Respondent has not made a showing of exceptional circumstances, the trial court erred by denying the City's motion for protective order relating to his expert testimony. As stated in 8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2033 at 464 n. 23 (1994)[3]:
A regularly employed expert may acquire information and form opinions not in anticipation or for trial and to that extent he is fully discoverable. A regularly employed expert, on the other hand, may acquire information in anticipation of litigation and to that extent is discoverable only as provided in Rule 26(b)(4)(B). Rule 26(b)(4)(B) and the Advisory Committee Note clearly anticipate that a regular employee, under appropriate circumstances, may be considered as `specially employed' by a party to the litigation, and therefore, subject to discovery of information and opinions so obtained only under exceptional circumstances. The reference in Rule 26(b)(4)(B) and the Advisory Committee Note to a `specially employed' expert is properly interpreted as encompassing a regular employee of the party who is designated and assigned by that party to apply his expertise to a particular matter in anticipation of litigation or for trial. To the extent such an expert discovers facts or forms opinions in the process, the expert has been `specially employed' within the meaning of Rule 26(b)(4)(B). [quoted from Graham, Discovery of Experts under Rule 26(b)(4) of the Federal Rules of Civil Procedure, 1976 U.Ill.L.F. 895, 942].
See also In re Shell Oil Refinery, 134 F.R.D. 148, 150 (E.D.La.1990)(ruling that in-house employees may "wear two hats: one of a specially employed expert in anticipation of litigation with Rule 26(b)(4)(B) protection; and one of an ordinary witness protected only by the standards of relevancy). Which hat they wear depends on whether their knowledge was gained in the course of their special employment as members of the investigation team or in the course of their regular duties." Id. The court permitted the deposition of the employees only about facts known and opinions held prior to being specially employed in preparation for trial. Id.
Accordingly, we grant certiorari and quash the trial court's order to the extent that it requires discovery of Captain Kramer's opinions regarding the paramedics' standard of care and compliance with JFRD patient treatment protocol. His deposition is permitted to the extent of facts and opinions held prior to being specially employed in preparation for trial by the City.

*284 II.
The City also sought to prohibit as irrelevant, and beyond the scope of discovery, Respondent's inquiry of Captain Kramer's knowledge regarding an alleged breach of patient confidentiality by two other JFRD employees who did not treat the decedent during the EMS call at issue and who allegedly had subsequently mishandled the EMS report pertaining to the decedent. Irrelevant discovery does not necessarily cause irreparable harm. Allstate Ins. Co. v. Langston, 655 So.2d at 94. We agree with the Respondent that the City has not demonstrated irreparable harm which cannot be remedied on plenary appeal relating to this inquiry, and that the order does not depart from the essential requirements of law. Accordingly, we deny the City's petition for certiorari on this issue.
Certiorari Granted in Part and Denied in Part; Order Quashed in Part.
WEBSTER and PADOVANO, JJ., concur.
NOTES
[1] Respondent presented no arguments for waiver and none are apparent from the record.
[2] Certiorari review of a discovery order granting discovery of work product is appropriate. See Allstate Ins. Co. v. American Southern Home Ins. Co., 680 So.2d 1114, 1117 (Fla. 1st DCA 1996); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995)(stating that discovery of certain kinds of information may reasonably cause material injury of an irreparable nature, including work product); Meltzer v. Coralluzzo, 499 So.2d 69 (Fla. 3d DCA 1986)(granting certiorari and quashing order requiring discovery of physicians' expert opinions when they had no knowledge of the facts and no previous contact with the patient).
[3] "Because the Florida Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, federal decisions are highly persuasive in ascertaining the intent and operative effect of various provisions of the rules." Wilson v. Clark, 414 So.2d 526, 531 (Fla. 1st DCA 1982).