# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0813
_____

RANDSTAD NORTH
AMERICA/ESIS WORKER'S
COMPENSATION CLAIMS,

    Petitioners,

    v.

ALFRED BARR,

    Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

April 3, 2019

PER CURIAM.

In this workers' compensation case, the Employer/Carrier (E/C) seek a "partial quashal of an order" appointing an Expert Medical Advisor (EMA) in which the JCC instructed the E/C to provide the EMA with the records and deposition of Dr. Charles Nofsinger. The E/C argued below that, because Dr. Nofsinger is neither an authorized treating doctor, Independent Medical Examiner (IME), or EMA, his records and opinions are inadmissible and, thus, providing them to the EMA would cause them prejudice.

The JCC rejected the E/C's argument, finding that the EMA statute, section 440.13(9)(c), Florida Statutes, provides that the appointed expert is to have "free and complete access to the medical records of the employee" and does not include any restrictions or limitations on which records may be provided. The JCC also stated he was not making any findings regarding the admissibility of Dr. Nofsinger's records, testimony, or opinions.

In their petition for writ of certiorari, the E/C argue that the JCC's interpretation of the EMA statute is incorrect because it fails to consider that section 440.13(5)(e) limits admissible opinions to those rendered by authorized doctors, IMEs, and EMAs and, thus, an EMA can consider only admissible medical evidence in formulating an opinion. The E/C also argue that allowing the EMA to consider the purportedly inadmissible records and testimony from Dr. Nofsinger will result in irreparable harm because it will "be impossible to 'unring the bell' once Dr. Nofsinger's inadmissible records are turned over, examined and considered by the EMA in formulating its opinion." We disagree.

"It is well established that, in order to establish entitlement to certiorari relief, the Petitioner must demonstrate both that the order under review departs from the essential requirements of law and that the order will cause irreparable harm which cannot be remedied on plenary appeal." *City of Jacksonville v. Rodriguez*, 851 So. 2d 280, 282 (Fla. 1st DCA 2003). "Irreparable harm is a condition precedent to invoking certiorari jurisdiction, and so should be considered first." *Spry v. Prof'l Employer Plans*, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008). Long-standing precedent provides that "'the time, trouble, and expense of an unnecessary trial are not considered 'irreparable injury' for these purposes.'" *Rodriguez*, 851 So. 2d at 282 (quoting *State v. Lozano,* 616 So.2d 73, 75 (Fla. 1st DCA 1993)).

Here, regardless of whether the JCC's decision to require furnishing Dr. Nofsinger's records and testimony to the EMA was legally sound, the E/C have failed to establish the threshold requirement of irreparable harm. First, their arguments are based entirely on speculation; that is, they are assuming a) Dr. Nofsinger's records and opinions are in fact inadmissible; b) the EMA will base any part of his opinion on those records and the

2

doctor's testimony; c) the JCC will accept any such "tainted" opinion; and d) the JCC will rule against the E/C on the merits of Claimant's claims. But even if any or all of these things occur, the E/C can still file a direct appeal of the resulting adverse final order and this court could then—if warranted—reverse and remand for a new trial (and perhaps appointment of a new EMA). Because of the E/C's failure to overcome the primary threshold of irreparable harm, we dismiss the petition for lack of jurisdiction.

DISMISSED.

ROBERTS, RAY, and JAY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jay M. Levy of Jay M. Levy, P.A., Miami, and Marty E. Davis, of Legal Solutions Group, Fort Lauderdale, for Petitioners.

Alfred Barr, pro se, Respondent.