GRIFFIN, J.
.The petitioners seek certiorari review of a discovery order of the trial court entered after the entry of a final judgment and during the pendency of appeal.
The petitioners are homeowners in Seminole Terrace, a residential subdivision. The Riverwind Apartments abut the subdivision. The respondent, Riverwind Parking, LLP, [“Riverwind”], owns a number of lots in the subdivision. The developer of *1074 Riverwind Apartments, through Riverwind Parking, LLP, purchased the lots and was granted rezoning by the county to construct a parking lot on the lots to serve the apartment complex.
Seventy-six homeowners [“the homeowners”] in the Seminole Terrace subdivision, including petitioners, filed suit seeking a declaratory judgment and seeking to enjoin Riverwind from constructing the parking lot based on certain deed restrictions purportedly prohibiting commercial use. Riverwind in its answer asserted “unclean hands” as an affirmative defense based on alleged commercial uses of property in the subdivision by many homeowners.
Riverwind served interrogatories, requests to produce and requests for admissions directed to the homeowners on November 2, 2001. The homeowners moved for a protective order; Riverwind moved to compel discovery. On December 13, 2001, the trial court entered an order denying the motion for protective order and granting the motion to compel discovery. The order specified December 31, 2001, as the date for the homeowners to comply with the discovery requests. On December 31, 2001, the homeowners moved for reconsideration of the discovery order and certain homeowners moved for extensions of time to comply with the discovery order.
Riverwind’s discovery requests were addressed to Riverwind’s “unclean hands” defense that some or all of the petitioners were using their property for commercial purposes. Riverwind sought entry upon the homeowners’ property to inspect and photograph potential evidence of commercial uses. In the December 13, 2001, order of the trial court (which the homeowners have appealed separately), the trial court allowed the homeowners until December 31, 2001, to respond to the discovery, and also ordered that homeowners “shall make their premises available for inspection immediately thereafter.”
On December 31, 2001, the homeowners filed a motion for reconsideration/clarification of the December 2001 discovery order, requesting that the court deny the inspection of the homeowners’ homes, or alternatively, to provide clarification regarding the scope of such inspection. This motion filed by the homeowners was never set for hearing, and no ruling was ever entered by the trial court upon the motion. Many homeowners failed to timely comply with responses to the discovery by December 31, 2001. Riverwind, however, did not proceed with inspection of any of the homes nor take other action to compel responses to discovery, apparently electing instead to pursue a ruling on its amended motion for summary judgnent based on unenforceability of the restriction. The trial court granted its motion for summary judgment on January 21, 2002, and subsequently entered final judgment in River-wind’s favor. This decision is also on appeal here.
Notwithstanding the pending appeal of the final judgment, Riverwind requested permission of the trial court to proceed with inspection of the homeowners’ homes, and also to compel homeowners to respond to the prior unanswered discovery. Riverwind’s reason for pursuing discovery was that, while it believed that the final judgment would be affirmed on appeal, there was always the chance that there could be a reversal of the summary judgment and a remand of the case to the trial court for the purpose of taking testimony regarding enforcement of the restrictions. In that event, the affirmative defense of “unclean hands” would again become relevant, and Riverwind wanted to be ready, with its evidence gathered, on this defense by having completed inspections of the homeowners’ homes and by having re *1075 ceived discovery responses regarding the homeowners’ use of their homes for commercial purposes.
The trial court granted Riverwind’s motion and entered the discovery order we review in this proceeding. This order compelled those petitioners who had failed to do so previously to respond to the interrogatories and requests for production that were due in December 2001. The discovery order also deemed admitted the requests for admission that had not been answered by December 31, 2001. Finally, the trial court reaffirmed Riverwind’s right to inspect the petitioners’ homes but stayed the inspection on the basis that the discovery would be “moot” if the court’s judgment that the restriction was void and unenforceable as to Riverwind’s lots were upheld on appeal.
We grant the writ because this discovery is being conducted after entry of final judgment. The problem with the trial court’s discovery order is that, at the trial level, the judicial labor has ended. Unless and until overturned on appeal, there was nothing in this case for which discovery could be had. Aside from Rule 1.290(b), which is designed to preserve testimony, and Rule 1.560 governing depositions in aid of execution, discovery under the Florida Rules of Civil Procedure is limited to “pending actions.” See Fla. R. Civ. P. 1.280(b). This action is no longer pending in the trial court and there is no auxiliary issue pending that might justify discovery. If a proper post-judgment motion were filed that required discovery, or if enforcement of the judgment were at issue, then post-judgment discovery would be proper on those issues but, once the final judgment is entered, the need for discovery is over. We can see no reason to permit a litigant who obtains a judgment or suffers a judgment to continue discovery pending appeal “just in case” the judgment is vacated by the appellate court. Nor does it matter that the discovery at issue is discovery that had already been ordered.
Petition for Certiorari GRANTED, order VACATED and REMANDED.
SHARP, W., J., and COBB, W., Senior Judge, concur.