# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0348
Lower Tribunal No. 25-218-CA-01
_____

**John Afriyie,**
Petitioner,

vs.

**Louis Friend,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Daryl Evan Trawick, Judge.

John Afriyie, in proper person.

Michael Friend, for respondent.

Before FERNANDEZ, LOGUE and GORDO, JJ.

PER CURIAM.

Petitioner seeks review by certiorari of the trial court's February 6, 2026 discovery order compelling petitioner to appear for deposition, as well as the trial court's February 19, 2026 order scheduling petitioner's deposition. Horne v. School Bd. of Miami-Dade Cty., 901 So. 2d 238, 240 (Fla. 1st DCA 2005) ("Orders granting discovery requests have traditionally been reviewed by certiorari because once discovery is wrongfully granted, the complaining party is beyond relief.").

On January 7, 2026, the trial court entered a final default judgment against petitioner awarding $454,166 in actual damages, as well as treble damages. The damages were unliquidated and awarded without an evidentiary hearing. Thereafter, at 9:07 a.m. on February 6, 2026, petitioner filed his Notice of Appeal of that final judgment. At 10:30 a.m. that same day on February 6, 2026, the trial court entered the Discovery Order extending expired pre-judgment discovery by sixty days and compelling petitioner, a New York resident, to appear in person for deposition in Miami-Dade County. On February 19, 2026, the court entered the Scheduling Order setting the deposition at respondent's counsel's office in Miami and prohibiting any objection to the date or location.

Once the final judgment is entered, the trial court loses the ability to order the party against whom judgment has been entered to sit for deposition in the case in chief and is limited to ordering discovery for purposes of execution. Berger v. Riverwind Parking, LLP, 836 So. 2d 1073, 1075 (Fla. 5th

DCA 2003). The court further explained, "Aside from Rule 1.290(b), which is designed to preserve testimony, and Rule 1.560 governing depositions in aid of execution, discovery under the Florida Rules of Civil Procedure is limited to 'pending actions.' *See* Fla. R. Civ. P. 1.280(b)." Id. These specific exception are not at issue here. See also JPMorgan Chase Bank, N.A. v. Llovet, 330 So. 3d 1006, 1010 (Fla. 3d DCA 2021) (finding that allowing post-judgment discovery to permit a party to reopen a final judgment to obtain discovery regarding matters that could have been obtained through due diligence before judgment "amounts to licensing an impermissible 'fishing expedition[ ] in post-judgment proceedings.'" (citation omitted)). Accordingly, upon consideration of the petition for writ of certiorari, and the response thereto, the petition for writ of certiorari is granted, and the trial court's orders dated February 6, 2026 and February 19, 2026 are quashed.

Petition granted; orders quashed.