**ENERGY CAPITAL CORP., as General Partner of Energy Capital Partners Limited Partnership, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 97–293 C.

United States Court of Federal Claims.

March 19, 2004.

Michael S. Gardener, Boston, MA, counsel of record for plaintiff. R. Robert Popeo and Laurence A. Schoen, Boston, MA, of counsel.

Douglas K. Mickle, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant, with whom were Peter Keisler, Assistant Attorney General and David M. Cohen, Director. Carole W. Wilson and William Lane, Department of Housing and Urban Development, Washington, DC, of counsel.

## *OPINION*

DAMICH, Chief Judge.

Plaintiff Energy Capital Corp. ("Energy Capital") filed a motion for (1) the award of attorneys' fees, and (2) for leave to take the videotaped deposition of former Secretary of

Housing and Urban Development (HUD) Andrew Cuomo and Howard Glaser, HUD's former General Counsel. For the following reasons, Plaintiff's motion is GRANTED IN PART and DEFERRED.

## I. Background

This case stems from an improper termination of Plaintiff's contract to provide financing to renovate certain HUD properties to make them more energy efficient.[1] Plaintiff sought damages for breach of contract and several constitutional violations, including takings of property under the Fifth Amendment. The United States admitted liability for Plaintiff's breach of contract claim. Subsequently, Plaintiff amended its complaint to seek attorneys' fees under the Equal Access to Justice Act (EAJA). To prove its entitlement to attorneys fees, Plaintiff sought to depose Cuomo and Glaser regarding statements allegedly made by those individuals. Specifically, Plaintiff alleges that in separate phone calls Cuomo threatened Energy Capital, and Glaser threatened to file a false pleading that would "falsely raise the specter of a criminal investigation of ECP [Energy Capital]." Plaintiff's Proposed Findings of Fact 177. Plaintiff alleges that these statements, if proven, would form the basis of finding that the Government litigated in bad faith. Such a finding, Plaintiff alleges, would entitle Plaintiff to attorneys' fees under the EAJA.

## II. Discussion

### A. Attorneys' Fees

■ This is not the first time this Court has addressed these issues. As part of the original proceedings in this case, this Court held in an unpublished opinion that Cuomo and Glaser could be required to testify regarding Plaintiff's claim for attorneys' fees. At that point in the litigation, the Government had conceded liability regarding the Plaintiff's breach of contract claim. As the Court was proceeding to a lengthy trial on damages, the Court decided, in the interests of judicial economy, to hear testimony on

attorneys' fees coincident with the trial on damages. At that time, plaintiff felt that in-court testimony was essential, as credibility would turn on the demeanor of the witnesses. Additionally, testimony on the issue of attorneys' fees was seen as relevant at the time because of potential evidentiary problems that could arise in the future. As with any other issue, evidence may disappear or become unreliable, and witnesses may be difficult to locate or forget key details with the passage of time.

That order was, however, vacated by the Court of Appeals for the Federal Circuit ("Federal Circuit") in a writ of mandamus issued December 8, 1999. The thrust of the petition for mandamus-as was the thrust of argument before this Court-was the issue of compelling high-ranking government officials to testify at trials. The Federal Circuit, however, seizing on a footnote in the Government's petition for mandamus that suggested that this issue was not ripe for decision, took a more technical view of the matter and held that "testimony on matters relating to a request for attorney fees ... is premature" because "[Rules of the Court of Federal Claims, hereinafter "RCFC"] Rule 81(e) ... specifies that an application for fees shall be filed *after* final judgment" (emphasis in original). As final judgment has now been entered in this case, testimony on matters relating to attorney fees as a component of damages is now ripe for decision.

It should be noted that the RCFC have been revised since the last time Plaintiff sought attorneys' fees and the Federal Circuit mandate issued. Applications for attorneys' fees are now governed by RCFC 54(d)(2). For purposes of this litigation, the two statutes function in substantially the same manner.

Plaintiff brings its claim for attorneys' fees under 28 U.S.C. § 2412(b), which allows private parties to collect from the Government as they would any other party upon a showing that the Government "has acted in bad faith, wantonly, or for oppressive reasons."

---

1. This opinion will only go into as much detail concerning the background of this case as is necessary. For a more complete history of this case, *see Energy Capital Corp. v. United States,* 47 Fed.Cl. 214 (2000).

*F. D. Rich Co. v. United States,* 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). Plaintiff is seeking over $1.3 million in legal fees under § 2412(b), approximately the entire amount Plaintiff payed to its attorneys in this case.

Plaintiff claims that "it is already the law of the case that the threats made during the litigation, ... if proven, constitute 'bad faith' for purposes of an attorney fee claim under the EAJA." Plaintiff's Motion for Award of Attorneys' Fees and for Leave to Take the Videotaped Deposition of Former HUD Secretary Cuomo and His Aide, Howard Glaser at 4. Plaintiff relies on language in this Court's October 13, 1999 order *(Energy Capital Corp. v. United States,* No. 97–293, Order of October 13, 1999 (hereinafter "October 13 Order")) and October 25, 1999 unpublished opinion (hereinafter "October 25 Opinion") that held, among other things, that "as a legal matter, these two allegations [the false and defamatory pleading allegedly sent by Glaser and the threatening phone call by Cuomo], if proven, are sufficient to establish the Government's bad faith during litigation itself." October 13 Order. The Defendant disputes this assertion, and relies on *Augustine v. Principi,* 343 F.3d 1334, 1339 (Fed. Cir.2003), for the proposition that to be the "law of the case," an issue must have "actually been decided." By the Government's reasoning, because the October 25 Opinion "was not entered in response to a motion for attorney's fees, but rather in response to the Government's motion for a protective order," it is not a final judgment on that issue. Defendant's Response to Plaintiff's Motion for Award of Attorneys' Fees and for Leave to Take the Videotaped Deposition of Former HUD Secretary Cuomo and His Aide, Howard Glaser at 11. The Government asserts that this Court simply took the Plaintiff's allegations as true for the purpose of the decision on the motion, and thus no final judgment was rendered on this issue. *Id.*

The Government is simply incorrect. This Court's October 25 Opinion was specifically issued "in the context of a demand for attorneys' fees" as the opinion states in its first sentence. Furthermore, the October 13 Order specifically held that "[t]he Court has determined that, as a legal issue, these two allegations, if proven, are sufficient to establish the government's bad faith during the litigation itself." This Court has clearly ruled that the two allegations in question, if proven, constitute bad faith on behalf of the Government.

The Government also argues that because Plaintiff did not suffer any expense in countering the Government's alleged bad-faith pleadings, Plaintiff has no possibility of recovery, and thus this case cannot proceed. Citing to Plaintiff's counsel's billing records, the Government claims that no funds were actually expended to counter the three particular instances of alleged misconduct by the Government.[2] Because, the Government claims, "the award [must] be limited to those expenses necessary to counter the losing party's bad faith," *Sierra Club v. United States Army Corps of Engineers,* 776 F.2d 383, 389 (2nd Cir.1985), it is not liable for any attorneys' fees, as none were specifically expended to counter the allegedly improper pleadings.

This view of bad faith damages is too limited. In *Sierra Club,* the Second Circuit was drawing a distinction between fees for bad faith conduct and punitive damages. Citing to *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616, the Second Circuit held that states were immune from the latter, but not the former, despite the "punitive and deterrent flavor" of fee awards for bad faith litigation. *Id.* at 389. While bad faith damages have a punitive flavor and "[are], of course, punitive" in nature, *Chambers v. NASCO, Inc.,* 501 U.S. 32, 53, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), they are still not punitive damages. Rather,

---

**2.** The three instances of misconduct that the Plaintiff is using as the basis of its claim for attorneys' fees are: (1) The phone call from Cuomo to Alan Leventhal, a principal in Energy Capital, in which Cuomo allegedly threatened Leventhal; (2) Glaser's phone call to Michale Gardner, Plaintiff's counsel, where Glaser alleg-

edly threatened to file a false pleading; and (3) Glaser's affidavit filed with this Court alleging that he witnessed the phone call from Cuomo to Leventhal. The Government believes that these are the only incidents raising the issue of misconduct, and reserves the right to address any other instances that Plaintiff may choose to raise.

"the imposition of sanctions under the bad-faith exception depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Id.* Awards of attorneys' fees for bad faith behavior are designed both to compensate parties for time spent in combating improper pleadings as well as to deter harassment and protect [the] integrity of the judicial system." *St. Paul Fire & Marine Ins. Co. v. United States,* 4 Cl.Ct. 762, 771 (1984). To deter improper pleadings, it may be necessary to award more in costs that the exact amount needed to compensate the opposing party for its efforts in opposing these pleadings. Thus, even if Energy Capital spent nothing combating the alleged improper pleadings at issue here, the Government could be assessed some fee for its conduct, even if the fee were only nominal. Because some damages are possible for Energy Capital, it may proceed with this case.

The foregoing does not, however, mean that Energy Capital will be awarded attorneys' fees-merely that it will obtain a chance to prove its entitlement to them. Plaintiff cannot recover attorneys' fees based only on affidavits. Instead, under RCFC 54(d)(2)(D), further proceedings are necessary.

**B. Videotaped Deposition of Andrew Cuomo and Howard Glaser**

■ This Court originally ordered Cuomo and Glaser to testify on the issue of attorneys' fees in its October 25 Opinion. However, the Federal Circuit's writ of mandamus held that the issue of attorneys' fees, on which they were to testify, was not ripe for adjudication at that time. However, now that a final judgment has been issued in this case, this issue is now ripe for adjudication. Plaintiff, as mentioned above, will need to prove its entitlement to attorneys' fees as well as the precise amount of fees it is entitled to. In order to do this, it needs evidence to support its claim of alleged bad acts by the Government. Obtaining evidence through deposing the parties allegedly responsible for the bad acts still seems appropriate.

While this Court held in the October 25 Opinion that Cuomo and Glaser could be deposed, it must re-examine the issue to see if any new facts have arisen that would cast doubt on that previous ruling.

Previously, this Court was forced to wrestle with the question of whether Cuomo and Glaser, as senior government officials, could be deposed under *United States v. Morgan,* 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). *Morgan* has come to stand for the idea that current high-ranking government officials may only be deposed and otherwise personally involved in a civil suit if "exceptional circumstances" exist that required their personal testimony. Other courts have persuasively argued for the application of the *Morgan* doctrine to former high-ranking government officials. See, *United States v. Wal-Mart Stores,* 2002 WL 562301, 2002 U.S. Dist. LEXIS 6929 (D.Md.), *Sandstrom v. Rosa,* 1996 U.S. Dist. LEXIS 11923 (S.D.N.Y.1996). However, it is also clear in the context of deposing former high-ranking government officials is that depositions are allowed if the party has personal knowledge of the facts in issue. *Gibson v. Carmody,* 1991 WL 161087, 1991 U.S. Dist. LEXIS 11225 (S.D.N.Y.1991) (allowing the deposition of a former New York City Police Commissioner because of his personal knowledge of the issues at stake); *American Broadcasting Companies v. U.S. Information Agency,* 599 F.Supp. 765 (D.D.C.1984) (applying a similar standard to the former Director of the United States Information Agency). The *Morgan* standard recognizes the same exception even for current high-ranking government officials.

As this Court previously found, the *Morgan* standard is met in this case. In this Court's October 25 Opinion, the Court found that because Cuomo and Glaser had "firsthand personal knowledge that no one else has" that is relevant to this case, their live testimony was appropriate. October 25 Opinion at 13.

Questions concerning discovery are committed to a trial court's discretion. *See Florsheim Shoe Co., Div. of Interco, Inc. v. United States,* 744 F.2d 787, 797 (Fed.Cir.1984). Testimony, as opposed to another means such as an affidavit, has been found to be necessary in order to assess the credibility of the witnesses. October 13 Order. Having

determined that Cuomo and Glaser must testify, it is within this Court's discretion to order that it be videotaped under RCFC 30(b)(4). Here, Plaintiffs are only seeking to have the testimony of Cuomo and Glaser taken by deposition while being videotaped. This is short of what this Court ordered the last time it visited this issue in this case. Because depositions can be performed and videotaped at a time and place that is convenient to both parties, conducting a videotaped deposition is less intrusive than requiring a party to appear in court to provide live testimony. Because it is within this Court's ability to order live testimony of Cuomo and Glaser, it is certainly within this Court's authority to order them to testify via videotaped deposition.

## III. Conclusion

Having concluded that Energy Capital may attempt to prove its entitlement to attorneys' fees, and that it may take a videotaped deposition to do so, further proceedings need to planned in this case. It is hereby ORDERED that:

1. Energy Capital may go forward with its motion for attorneys' fees,

2. It may take the deposition of Andrew Cuomo and Howard Glaser by videotape, and

3. The parties will file a status report within 10 days of this opinion recommending a schedule of future proceedings in this case.