**CAPITOL VENDING CO., Inc., Plaintiff,**

v.

**Robert G. BAKER et al., Defendants.**

**Civ. A. No. 2249–63.**

United States District Court
District of Columbia.

Sept. 8, 1964.

**46**

See also D.C., 35 F.R.D. 510.

David Carliner, Washington, D. C., for the plaintiff.

Carl Eardley, Dept. of Justice, Washington, D. C., for James E. Webb, Administrator, National Aeronautics and Space Administration.

HOLTZOFF, District Judge.

This is a motion by James E. Webb, the Administrator of the National Aeronautics and Space Administration, to vacate a subpoena served on him requiring him to appear for the taking of his deposition in this action to which he is not a party.

The Federal Rules of Civil Procedure provide for broad and liberal discovery, among them the right to take the deposition of any prospective witness. Nevertheless, the discovery is not unbridled or unlimited. For example, to take an extreme illustration, a litigant may not pick somebody at random, summon him before a notary public and question him for several hours. There must be some showing, if the right to take a deposition is challenged by the prospective witness, why the prospective witness should be examined. This applies particularly to heads of government agencies. If the head of a government agency were subject to having his deposition taken concerning any litigation affecting his agency or any litigation between private parties which may indirectly involve some activity of the agency, we would find that the heads of government departments and members of the President's Cabinet would be spending their time giving depositions and would have no opportunity to perform their functions.

There is no showing here that the Administrator of the National Aeronautics and Space Administration, whose deposition it is sought to take, has any knowledge of any matters that are germane to the litigation. It would be oppressive and vexatious to require him to submit to an interrogation that might last for several hours and that would, of course, disturb government business.

I think if the plaintiff seriously thinks that he may elicit some definite information that is germane he should be allowed to proceed by written interrogatories.

Accordingly, the motion of James E. Webb, the Administrator of the National Aeronautics and Space Administration, to quash the subpoena directed to him is granted, without prejudice to the taking of his deposition on written interrogatories.