901 So.2d 238 (2005)
Jim HORNE, FL Dep't of Education, et al., Petitioners,
v.
SCHOOL BOARD OF MIAMI-DADE COUNTY, Florida, Respondent.
No. 1D04-5259.
District Court of Appeal of Florida, First District.
April 18, 2005.
*239 Charlie Crist, Attorney General; Jason Vail, Assistant Attorney General, Tallahassee, for Petitioners.
Martha W. Barnett, Esq. and Jack L. McLean, Jr. of Holland & Knight, LLP, Tallahassee, for Respondents.
LEWIS, J.
Petitioners, Jim Horne, the Florida Department of Education, and the State Board of Education, seek a writ of certiorari and ask this Court to quash the trial court's order denying their motion to quash subpoena and for protective order which sought to prevent respondent, the School Board of Miami-Dade County, from deposing Mr. Horne, the former commissioner of education, regarding school funding decisions that occurred during his tenure as commissioner. Petitioners contend that the trial court departed from the essential requirements of law in concluding that authority holding that depositions of agency heads may not be taken over objection unless it has been established that the testimony to be elicited is necessary, relevant, and unavailable from another source did not apply in this situation given Horne's status as former commissioner. We agree and, therefore, grant the petition.
After filing suit against petitioners regarding the distribution of educational funding, respondent noticed and subpoenaed Mr. Horne for a deposition. Horne filed an emergency motion to quash the subpoena and for a protective order in which he argued that as former commissioner he should be immune from deposition absent the required showing and that respondent had only deposed three employees of the Department of Education at that stage of the proceedings. In his attached affidavit, Horne asserted that he had no personal knowledge of the facts giving rising to respondent's claims and that any information known by him was also known by his former staff members.
Following a hearing, the trial court entered an order denying petitioners' motion to the extent that it sought to prevent Horne's deposition. The trial court reasoned, "Mr. Horne is the former commissioner of education. Consequently, authority holding that depositions of agency heads may not be taken except as a last resort when there are no other sources of relevant information available do[es] not apply in his situation." This proceeding followed.
*240 It is well established that in order to demonstrate an entitlement to certiorari relief, a petitioner must show that the order under review departs from the essential requirements of law and that the order will cause irreparable harm that cannot be remedied on plenary appeal. City of Jacksonville v. Rodriguez, 851 So.2d 280, 281 (Fla. 1st DCA 2003). Orders granting discovery requests have traditionally been reviewed by certiorari because once discovery is wrongfully granted, the complaining party is beyond relief. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).
In State, Department of Health and Rehabilitative Services v. Brooke, 573 So.2d 363, 371 (Fla. 1st DCA 1991), we agreed with the United States District Court for the Eastern District of Pennsylvania that "`[d]epartment heads and similarly high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer.'" (quoting Halderman v. Pennhurst State Sch. & Hosp., 559 F.Supp. 153, 157 (E.D.Pa.1982)). We subsequently held in Department of Agriculture and Consumer Services v. Broward County, 810 So.2d 1056, 1058 (Fla. 1st DCA 2002), that the petitioner was entitled to a protective order to prevent its commissioner from being deposed. In doing so, we explained:
In circumstances such as these, the agency head should not be subject to deposition, over objection, unless and until the opposing parties have exhausted other discovery and can demonstrate that the agency head is uniquely able to provide relevant information which cannot be obtained from other sources. To hold otherwise would, as argued by the department, subject agency heads to being deposed in virtually every rule challenge proceeding, to the detriment of the efficient operation of the agency in particular and state government as a whole.
Id. However, the issue before us in this case, whether the rules stated above apply to former agency heads and high-ranking officials, is one of first impression in Florida. Therefore, a review of the case law addressing this issue in foreign jurisdictions is helpful.
In Arnold Agency v. West Virginia Lottery Commission, 206 W.Va. 583, 526 S.E.2d 814, 830 (1999), the Supreme Court of Appeals of West Virginia, while discerning a marked difference between current and former government officials in terms of likely frequency and onerousness of discovery requests, saw no reason not to apply the rule as stated in Paige v. Canady, 197 W.Va. 154, 475 S.E.2d 154, 162 (1996), that "highly placed public officials are not subject to a deposition absent a showing that the testimony of the official is necessary to prevent injustice to the party requesting it" to former high-ranking governmental officials. The court reasoned that the officials, whose past official conduct could potentially implicate them in a significant number of legal actions, have a legitimate interest in avoiding "unnecessary entanglements in civil litigation," which continues upon leaving office. Id.
Similarly, in United States v. Wal-Mart Stores, Inc., No. CIV.A. PJM-01-CV-1521, 2002 WL 562301, at *2 (D.Md. Mar.29, 2002), the district court, when faced with the question of whether a former high-ranking official could be deposed, noted that the United States Supreme Court in United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941), had created an exception to the rule that a court may order discovery of any matter relevant to the subject matter as it applies to high-ranking officials. According *241 to the court, one of the driving principles behind the Morgan decision was that "the indiscriminate depositions of high-ranking government officials would be unduly burdensome upon said officials and likely discourage them from accepting positions as public servants." Wal-Mart Stores, Inc., 2002 WL 562301, at *3. The court agreed with the plaintiff that this principle should apply with equal force in situations where depositions of former high-ranking governmental officials are sought, reasoning that "[s]ubjecting former officials decision-making processes to judicial scrutiny and the possibility of continued participation in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service." Id. The court further reasoned that if it were to permit officials to be subject to depositions when their terms of office ended, public servants should expect a mailbag of deposition subpoenas on the day they leave office. Id. The court determined that if the "Morgan immunity" is to have any meaning, the protection the immunity affords must continue when the official departs from public service. Id. Thus, a party seeking to depose a former high-ranking governmental official must demonstrate the personal involvement of the official in a material way or the existence of extraordinary circumstances. Id.; see also Energy Capital Corp. v. United States, 60 Fed.Cl. 315, 318 (Fed.Cl.2004) (concluding that it is clear that in the context of deposing former high-ranking government officials, depositions are allowed if the party has personal knowledge of the facts in issue); compare Sanstrom v. Rosa, No. 93 Civ. 7146, 1996 WL 469589, at *5 (S.D.N.Y. Aug.16, 1996) (concluding that the former governor could not claim the "privilege" that would require the opposing side to show both the need for his deposition and that it would hinder governmental functions).
We agree with the courts in Arnold Agency and Wal-Mart Stores, Inc. that the rule prescribing that agency heads and other high-ranking officials should not be compelled to testify unless it has been established that the testimony to be elicited is necessary, relevant, and unavailable from other sources is equally applicable to former agency heads and high-ranking officials in circumstances such as these involving past official conduct. Not only would subjecting the former officials to depositions without satisfying the necessary requirements be unduly burdensome for the officials, it could very well, as the court in Wal-Mart Stores, Inc. explained, serve as a significant deterrent to qualified candidates seeking public service positions.
Accordingly, we GRANT the petition, QUASH the trial court's order, and REMAND for the trial court to determine whether the testimony to be elicited from Mr. Horne is necessary, relevant, and unavailable from another source.
ERVIN and BROWNING, JJ., concur.