THE STATE EX REL. SUMMIT COUNTY REPUBLICAN PARTY EXECUTIVE
COMMITTEE *v.* BRUNNER, SECY. OF STATE.

[Cite as *State ex rel. Summit Cty. Republican Party Executive Commt. v. Brunner,* 117 Ohio St.3d 1210, 2008-Ohio-1035.]

(No. 2008–0478—Submitted March 10, 2008—Decided March 10, 2008.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel respondent, Secretary of State Jennifer Brunner, to appoint Brian K. Daley to the Summit County Board of Elections as recommended by relator, Summit County Republican Party Executive Committee, and to reject the secretary's appointment of Donald Varian to serve on the board of elections, a writ of prohibition to prevent the secretary from appointing Varian to serve on the board of elections, and a peremptory other writ to stay the appointment of Varian pending the adjudication of this case. On March 4, 2008, we denied the committee's motions for emergency writ, stay, or other immediate relief but issued an accelerated schedule for the presentation of evidence and briefs.

{¶ 2} On March 7, the committee filed a notice to take the oral deposition of the secretary of state on March 10. The secretary filed a motion for a protective order to prevent the deposition as well as a motion in limine to limit the discoverable evidence in this case.

### Motion for Protective Order

{¶ 3} The secretary claims that because she is a high-ranking government official, the deposition should not occur. In applying a standard requiring extraordinary circumstances before permitting the depositions of high-ranking government officials, the Supreme Courts of Vermont and West Virginia have held the following factors to be significant:

{¶ 4} "[T]rial courts should weigh the necessity to depose or examine an executive official against, among other factors, the substantiality of the case in which the deposition is requested; the degree to which the witness has first-hand knowledge or direct involvement; the probable length of the deposition and the effect on government business if the official must attend the deposition; and whether less onerous discovery procedures provide the information sought." *Monti v. State* (1989), 151 Vt. 609, 613, 563 A.2d 629. See also *State ex rel. Paige v. Canady* (1996), 197 W.Va. 154, 475 S.E.2d 154, paragraph four of the syllabus.

{¶ 5} Application of these factors here warrants rejection of the secretary's motion for a protective order. First, this is a matter of great public interest involving the secretary's decision to reject a person recommended by the committee to the elections board and her appointment of a different person. The claim is premised upon R.C. 3501.07, which recognizes mandamus actions in this court under certain circumstances when the secretary rejects a recommended appointee.

{¶ 6} Second, notwithstanding the secretary's claim to the contrary, the committee's claims challenge a decision of the secretary herself and not some lower-level employee in her office. R.C. 3501.07 focuses on the secretary's "reason to believe" whether the recommended appointee is competent. The secretary's personal knowledge and thought process in arriving at her decision lies at the heart of this case. No one else can answer the questions the committee has a right to ask.

{¶ 7} Third, there is no reason to believe that a deposition need take an inordinate amount of time. The issues are limited, involving the secretary's decisions to reject Daley's appointment and to appoint Varian.

{¶ 8} Fourth, because of the accelerated evidence schedule that we have ordered, a deposition may indeed be the *least* onerous way to generate the necessary responses. The secretary can relate her own thought process in her own words, which would avoid a potentially lengthy battle over other forms of discovery seeking the same information. In fact, the secretary asserts in her motion that the protective order should be "granted precluding her testimony *in any form* in this case." (Emphasis added.) This indicates that even if the committee attempted less generally burdensome discovery methods, e.g., interrogatories, the secretary would still not respond.

{¶ 9} Therefore, the secretary is not entitled to a protective order based on the fact that she is a high-ranking government official.

{¶ 10} Nor is the secretary entitled to a protective order to prevent her deposition testimony based on the deliberative-process privilege. Cf., e.g., *State ex rel. Dann v. Taft*, 110 Ohio St.3d 252, 2006-Ohio-3677, 853 N.E.2d 263, ¶ 26.

{¶ 11} Therefore, we deny the secretary's motion for a protective order, and the deposition should proceed.

## Motion in Limine

{¶ 12} The secretary also seeks a motion in limine to limit the issue before the court to her reasonable belief that Daley was not competent to serve as an elections board member because she claims that all other evidence is irrelevant. We deny the motion because the parties should be able to introduce all potentially relevant evidence at this early stage of the case. We will ultimately determine which evidence is pertinent to the committee's claims in resolving those claims on the merits.

## Conclusion

{¶ 13} Based on the foregoing, we deny the secretary's motions.

Motions denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Grendell & Simon Co., L.P.A., and Timothy J. Grendell, for relator.

Marc Dann, Attorney General, and Richard N. Coglianese, Damian W. Sikora, Pearl M. Chin, and Michael J. Schuler, Assistant Attorneys General, for respondent.