THE STATE EX REL. LETOHIOVOTE.ORG *v.* BRUNNER, SECY. OF STATE.

[Cite as *State ex rel. LetOhioVote.org v. Brunner*,

123 Ohio St.3d 1201, 2009-Ohio-5227.]

*Emergency motion to compel denied.*

(No. 2009-1310 — Submitted August 7, 2009 — Decided August 7, 2009.)

ON EMERGENCY MOTION TO COMPEL.

_____

{¶ 1} On August 6, 2009, the intervening respondents filed an emergency motion to compel relators to respond to the discovery and depositions requested by the intervening respondents. On August 7, 2009, relators filed a response to the motion.

{¶ 2} Upon consideration of the motion and response thereto, the emergency motion to compel is denied.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 3} I would grant the intervening respondents' motion to compel discovery. In their discovery requests, intervening respondents J. Pari Sabety and Michael A. Dolan seek information and documents relating to the interests of relators and the financial allegations contained in relators' amended complaint. In relators' amended complaint, as well as in their merit brief and evidence, relators make representations about the interests and purpose of their organization, LetOhioVote.org, the interests of the other relators, the financial status of

LetOhioVote.org, and various steps that LetOhioVote.org has taken to place a referendum on the ballot. For instance, relators assert:

**{¶ 4}** "In anticipation of their Referendum Petition effort, Relator LetOhioVote.org has entered into an agreement with a national petition management firm to collect signatures for the Referendum Petition, at a cost of approximately $1.75 million, although that agreement is now on hold until this lawsuit is decided. Relators also have budgeted an additional $750,000 in costs related to the referendum effort, bringing the total amount that Relators intend to invest in the Referendum Petition effort to $2.5 million."

**{¶ 5}** Relators brought up the issue of their finances, and the intervening respondents deserve to know the basis of the relators' claim. Moreover, in their answer to relators' amended complaint, the intervening respondents claim that the relators lack standing. They are entitled to discovery on that issue.

**{¶ 6}** This is not a fishing expedition: intervening respondents seek information directly related to the pleadings. It is unusual to deny a party the chance to gather evidence. Without the opportunity to gather evidence, the intervening respondents have no opportunity to contest standing. Would the allegation that relators are not the true party in interest in this case — that they may be relators for hire — affect this court's consideration of standing? That is a novel issue; however, refusal to allow discovery is tantamount to ruling on an issue that the intervening respondents never had a chance to develop.

**{¶ 7}** In their response to relators' motion to file an amended complaint, intervening respondents stated, "On information and belief, funding for LetOhioVote.org derives in part from individuals and entities whose goal is to install casinos in the State of Ohio." They are entitled to explore that allegation from an evidentiary standpoint. This court and the citizens of Ohio should be interested in the answer. If this state is to become a gambling center, we should look with caution at Nevada's long history of lack of transparency in the identity

of the true parties behind the development of the gambling industry. We should determine that from the outset, the truth will be told in Ohio.

**{¶ 8}** Relators object to the short turnaround time from the intervening respondents' request to the date of the requested depositions. In their letter refusing to participate in discovery depositions, relators wrote: "Moreover, as a practical matter, the deponents are unavailable on August 7 due to family and professional obligations as well as international travel. This should not come as a surprise given the lack of proper notice." In *State ex rel. Summit Cty. Republican Party Executive Commt. v. Brunner*, 117 Ohio St.3d 1210, 2008-Ohio-1035, 883 N.E.2d 452, this court essentially compelled the secretary of state, a busy person, to sit for a deposition in a case with a truncated briefing schedule. Today, we should have ordered relators — who requested the expedited briefing and discovery schedule — to respond to the paper discovery and to expect a telephone deposition from intervening respondents later this afternoon.

_____

Langdon Law, L.L.C., David R. Langdon, Thomas W. Kidd Jr., and Bradley M. Peppo; and Jones Day, Douglas R. Cole, and Chad A. Readler, for relators.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and William C. Becker, Assistant Attorney General, for intervening respondents.

_____