PER CURIAM.
The defendant/petitioner, University of West Florida (UWF) Board of Trustees, seeks a writ of certiorari quashing the trial court’s order denying its motion for protective order and compelling the deposition of UWF President, Judith Bense, in the lawsuit initiated by the plaintiff/respondent, Wendy Habegger. We grant the petition and quash the portion of the trial court’s order compelling the deposition of President Bense.
The respondent was employed as a professor at UWF. In January 2009, her contract with UWF was terminated. Pursuant to her collective bargaining agreement, she remained employed until January 2010. After her contract was terminated, the respondent filed a several count employment discrimination lawsuit against the petitioner. The complaint also included a claim for tortious interference with business relationship against defendant David Dickey that alleged Dickey had interfered with her business relationship with UWF by communicating disparaging information about her to UWF and to the public.
In conducting discovery of her claim against defendant Dickey, the respondent sought to depose President Bense based upon the allegation that Dickey had communicated disparaging information about her to President Bense. President Bense confirmed that she had had one conversation with Dickey, in May 2009, but asserted that the conversation was not relevant to the respondent’s claim and had no bearing upon the decision to terminate the respondent because that decision had been made four to five months earlier. President Bense also asserted that she was not involved in the decision to terminate the respondent. The petitioner filed a motion for protective order objecting to the deposition of President Bense. The petitioner argued that there were less intrusive alternative discovery methods for the respondent to obtain the same information and that forcing President Bense to testify at a deposition was unnecessary and unduly burdensome. The respondent urged that deposing President Bense was *325 relevant and necessary, and the trial court agreed, denying the motion for protective order and compelling President Bense’s deposition. The trial court found that the respondent was not required to exhaust all alternative discovery mechanisms because President Bense had acknowledged direct contact with defendant Dickey.
In seeking a writ of certiorari, the petitioner is required to demonstrate that the trial court’s order: (1) departs from the essential requirements of law, (2) results in a material injury for the remainder of the case, and (3) cannot be corrected on appeal. See Home v. Sch. Bd. of Miami-Dade Cnty., 901 So.2d 238, 240 (Fla. 1st DCA 2005). The second and third prongs relating to irreparable injury must be satisfied as a condition precedent to invoking this Court’s certiorari jurisdiction. See Jaye v. Royal Saxon, Inc., 720 So.2d 214 (Fla.1998). Here, the petitioner has demonstrated an irreparable injury warranting certiorari relief. Wrongfully compelling the deposition of President Bense would result in a harm that cannot be undone. See Horne, 901 So.2d at 240 (“Orders granting discovery requests have traditionally been reviewed by certiorari because once discovery is wrongfully granted, the complaining party is beyond relief.”). Further, compelling the deposition of President Bense in this context could have future widespread ramifications and subject her to depositions in numerous other employment disputes. Cf. Miami-Dade Cnty. v. Dade Cnty. Police Benev. Ass’n, 103 So.3d 236, 238 (Fla. 3d DCA 2012) (finding that the Court had jurisdiction over the certiorari petition to review an order directing a mayor to testify that could result in an irremediable injury and have widespread.ramifications that would detrimentally affect the efficient operation of the legislative branch and -government as a whole). Thus, the question becomes whether the trial court’s order departed from the essential requirements of law.
In seeking to depose President Bense, the President and CEO of UWF, the respondent was required to satisfy two requirements: (1) exhaust other discovery tools and' (2) show that the agency head was uniquely able to provide relevant information which could not be obtained from other sources. See Dep’t of Agric. & Consumer Servs. v. Broward Cnty., 810 So.2d 1056, 1058 (Fla. 1st DCA 2002) (finding that an agency head should not be subject to deposition over objection “unless and until the opposing parties have exhausted other discovery and can demonstrate that the agency, head is uniquely able to provide relevant information which cannot be obtained from other sources”); Home, 901 So.2d at 240. As to the first prong, the respondent admits that she did not exhaust other discovery tools prior to seeking to depose President Bense, but argues that .requirement was not necessary as President Bense acknowledged a direct conversation with defendant Dickey and only President Bense had knowledge of the content of their conversation. We disagree that President Bense’s acknowledged direct contact relieved the respondent of her obligation to at least attempt to seek the information via other discovery tools. See Dep’t of Agric. & Consumer Servs., 810 So.2d at 1058 (finding that an agency head should not be subject to deposition over objection “unless and until the opposing parties have exhausted other discovery ... ”). (Emphasis added.)
Even assuming the respondent was not obligated to exhaust other discovery tools, compelling President Bense’s deposition was in error because the respondent failed to show that President Bense could provide relevant information not available from other sources. Discovery is usually permitted only on matters that are rele *326 vant or that are reasonably calculated to lead to the discovery of admissible evidence. See Fla. R. Civ. P. 1.280. See also City of Gainesville v. Scotty’s, Inc., 489 So.2d 1196, 1197 (Fla. 1st DCA 1986) (“The right of discovery does not extend to matters which are irrelevant or which cannot reasonably be expected to lead to the discovery of relevant matters.”).
The respondent sought President Bense’s deposition only with regard to her tortious interference with business claim against defendant Dickey. To bring a claim for tortious interference with a business relationship, the respondent was required to show:
(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.
Se. Integrated Med., P.L. v. N. Fla. Women’s Physicians, P.A., 50 So.3d 21, 23 (Fla. 1st DCA 2010) (citing Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985)). “Imbedded within these elements is the requirement that the plaintiff establish that the defendant’s conduct caused or induced the breach that resulted in the plaintiffs damages.” Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc., 832 So.2d 810, 814 (Fla. 2d DCA 2002) (citing St. Johns River Water Mgmt. Dist. v. Fernberg Geological Srvs., Inc., 784 So.2d 500 (Fla. 5th DCA 2001)).
It is undisputed that the respondent’s employment relationship was terminated as of January 2009. The evidence also showed that defendant Dickey began contacting UWF regarding the respondent in April or May 2009. The only documented conversation between President Bense and defendant Dickey was in May 2009 — four to five months after the respondent’s contract was terminated. President Bense’s affidavit provided that this was the only conversation she had with defendant Dickey and that she had no input on the decision to terminate the respondent’s contract. The respondent failed to establish that her employment relationship was terminated as a result of any interaction between President Bense and defendant Dickey. See id. at 814 (affirming summary judgment of a tortious interference claim where the evidence showed that the decision to breach the contract had been made prior to any alleged tortious interference of the defendant and there was no evidence that the defendant took any action that caused or induced the breach). Therefore, President Bense’s deposition was unnecessary and irrelevant to the respondent’s claim for tortious interference against defendant Dickey.
The respondent also generally alleges that she was negatively affected after the May 2009 conversation between President Bense and defendant Dickey because her grievance was denied and she was treated negatively by her colleagues. However, this does not change the fact that her employment relationship with UWF had already been terminated. Further, the respondent failed to make any effort to establish a correlation between President Bense’s contact with defendant Dickey and these alleged negative events. As the respondent failed to show that President Bense’s deposition could be reasonably calculated to lead to the discovery of relevant evidence, the order denying the motion for protective order and compelling the discovery of President Bense departed from the essential requirements of law. Cf. Gen. Star Indem. Co. v. Atl. Hospitality of Fla., LLC, 57 So.3d 238 (Fla. 3d DCA 2011) (granting certiorari and quashing orders *327 compelling the deposition of company president where the respondent failed to show that the president’s deposition would be reasonably calculated to lead to the discovery of admissible evidence). Accordingly, we grant the petition and quash the trial court’s order denying the petitioner’s motion for protective order and compelling the deposition of President Bense.
Petition GRANTED and order compelling deposition QUASHED.
WOLF, ROBERTS, and MAKAR, JJ., concur.