**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jay Folse,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0430** (Logan County CC-23-2022-C-13)

**G. Russell Rollyson, Jr. and**
**John B. McCuskey,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jay Folse appeals the Circuit Court of Logan County's order granting Respondents G. Russell Rollyson Jr. and John B. McCuskey's[1] joint motion to dismiss petitioner's petition to compel issuance of deeds.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On September 8, 2021, petitioner purchased a tax lien, later identifying the owner entitled to notice as Crystal Plumley. He requested that respondents serve a notice of right to redeem on Ms. Plumley by both certified mail and personal service at a Logan, West Virginia, address. The circuit court noted that, based upon the affidavit of service, there were three unsuccessful attempts at personal service on Ms. Plumley in November of 2021. In addition, the notice sent by certified mail was returned to sender. The notice of right to redeem was also posted at the residential address petitioner provided for Ms. Plumley, but the process server stated that the house at that address was abandoned. Also on September 8, 2021, petitioner purchased tax liens for two other properties, reportedly owned by Jack and John Fox. There were three unsuccessful attempts at personal service of the notice of the right to redeem on Jack and John Fox. The notice was posted on the door of the residential address in Ohio petitioner provided for the men, but the process server

---

[1] At all times relevant to this proceeding, Respondent John B. "JB" McCuskey was the West Virginia State Auditor and Commissioner for Delinquent and Nonentered Lands for the State of West Virginia, and Respondent G. Russell Rollyson, Jr., was the Deputy Commissioner for Delinquent and Nonentered Lands.

[2] Petitioner is represented by counsel Robert W. Bright, and respondents are represented by counsel David P. Cook Jr.

identified the home as an abandoned residence and certified letters to both men were returned as undeliverable. Based upon the representations of the process server and the returned certified mail, Respondent Rollyson informed petitioner that service was unsuccessful with regard to all of the properties so new addresses were needed for Ms. Plumley and for Jack and John Fox. Petitioner failed to provide any other address for Ms. Plumley or either Mr. Fox.

On January 24, 2022, petitioner filed a petition to compel issuance of deeds, seeking an order compelling respondents to issue tax deeds for the properties at issue, in addition to damages, costs, and fines. In lieu of filing an answer, respondents moved to dismiss the petition, asserting that there was no evidence they failed to comply with their statutory duties. In its April 30, 2022, order granting respondents' motion to dismiss, the circuit court determined, based on the factual record before it, that there was no evidence either respondent refused to perform any statutory duty required of them. It further determined that the United States Supreme Court has held that while a property owner is not entitled to actual notice before their property may be forfeited to pay a debt, "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The circuit court went on to find that "whether [p]etitioner has made 'reasonably diligent efforts' to ascertain individuals entitled to be served with Notice of Right to Redeem does not diminish [r]espondents' duties to comply with constitutional due process." Petitioner appeals from that order.

"'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)." *Jones v. Logan Cnty. Bd. of Educ.*, 247 W. Va. 463, 881 S.E.2d 374 (2022).

The crux of petitioner's argument is that the circuit court incorrectly required "actual notice" when only reasonably diligent efforts to notify the property owners was required. West Virginia Code § 11A-3-52 (2020) provides, in relevant part:

(a) Within 45 days following the approval of the sale by the auditor pursuant to § 11A-3-51 of this code, the purchaser, his or her heirs or assigns, in order to secure a deed for the real estate purchased, shall:
(1) Prepare a list of those to be served with notice to redeem and request the deputy commissioner to prepare and serve the notice as provided in § 11A-3-54[3] and § 11A-3-55[4] of this code;

---

[3] West Virginia Code § 11A-3-54 (2022), details the notice to be prepared by the Auditor "[w]henever the provisions of § 11-3A-52 have been complied with . . . ."

[4] West Virginia Code § 11A-3-55 (2022), relates to service of the notice to be prepared by the Auditor pursuant to § 11A-3-54. Petitioner does not argue that respondents failed to fulfill a duty imposed by § 11A-3-55.

(2) When the real property subject to the tax lien was classified as Class II property, provide the deputy commissioner with the actual mailing address of the property that is subject to the tax lien or liens purchased; and

(3) Deposit, or offer to deposit, with the deputy commissioner a sum sufficient to cover the costs of preparing and serving the notice.

(b) If the purchaser fails to fulfill the requirements set forth in subsection (a) of this section, the purchaser shall lose all the benefits of his or her purchase.

As this Court has held,

> [t]here are certain constitutional due process requirements for notice of a tax sale of real property. Where a party having an interest in the property can reasonably be identified from public records or otherwise, due process requires that such party be provided notice by mail or other means as certain to ensure actual notice.

Syl. Pt. 1, *Lilly v. Duke*, 180 W. Va. 228, 376 S.E.2d 122 (1988). Further,

> the decisions of this Court have made clear that "the right of a landowner to have the statutory procedures complied with before he is deprived of his land is fundamental[.]" [*State ex rel.*] *Morgan* [*v. Miller*], 177 W. Va. [97,] 106, 350 S.E.2d [724,] 734 [(1986)]. *See also* Syl. pt. 1, *Cook v. Duncan*, 171 W. Va. 747, 301 S.E.2d 837 (1983) ("Persons seeking to obtain complete title to property sold for taxes must comply literally with the statutory requirements.").

*Archuleta v. US Liens, LLC*, 240 W. Va. 519, 525, 813 S.E.2d 761, 767 (2018).[5]

Petitioner does not dispute that the attempted in-person service and service by certified mail were unsuccessful. In addition, it is uncontroverted that the addresses where the postings were made were abandoned properties. He contends that Ms. Plumley received actual notice through Facebook messenger and indicates that he hired a private process server who attempted service at the address Jack and John Fox provided to him. However, petitioner fails to state when or how the men provided him with their address. Further, because the argument section of petitioner's brief lacks any citation to the record, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, it is unclear whether any documents exist that support petitioner's

---

[5] We also note that we recently addressed a similar case involving petitioner and Respondent Rollyson wherein petitioner admitted that he failed to provide a complete list of those entitled to notice to redeem. We affirmed the circuit court's dismissal of petitioner's petition to compel Respondent Rollyson to issue a notice to redeem and allow petitioner's purchase of property due to his failure to comply literally with the requirements of West Virginia Code § 11A-3-52. *Folse v. Rollyson*, No. 21-0340, 2022 WL 293986 (W. Va. Feb. 1, 2022) (memorandum decision).

assertions.[6] In addition, despite Respondent Rollyson's request, petitioner failed to provide any other address for Ms. Plumley or Jack or John Fox. Therefore, petitioner has failed to show that he complied literally with the requirements of § 11A-3-52, which is necessary to trigger a duty on the part of respondents.[7] For these reasons, we cannot find that the circuit court erred by granting respondents' motion to dismiss.

Petitioner further argues that the circuit court erred by granting respondents' motion to quash petitioner's notice of deposition. Without citing to the record, petitioner contends that he served a "Notice of Taking Deposition" setting the depositions of respondents but that respondents sought to quash the notice, in addition to moving for sanctions based upon the lengthy and, at times, acrimonious history of litigation between the parties in this case. Petitioner's notice of deposition was served upon respondents nearly two months after their motion to dismiss was filed and subsequent to the hearing on that motion. In their motion to quash, respondents asserted that petitioner could not satisfy the factors this Court set forth in Syllabus Point 4 of *State ex rel. Paige v. Canady*, 197 W. Va. 154, 475 S.E.2d 154 (1996), regarding whether to allow the deposition of a highly placed public official. In *Paige*, this Court found "that respondents have failed to show that they could not obtain the information they seek through less onerous discovery procedures, such as written interrogatories." *Id.* at 162, 475 S.E.2d at 162. We went on to find that the circuit court "shall not order [a public official] to submit to a deposition until and unless the trial court finds that the respondents have met their burden of showing the necessity for a deposition, the court has weighed the factors required to determine the necessity for such deposition, and the court has made appropriate findings of fact and conclusions of law with respect thereto." *Id.* In his difficult to follow argument, petitioner admits that written discovery may have been sufficient to allow him to determine "the cause of the difficulties Respondent [sic] has had in convincing Respondents to issue tax deeds and notices to redeem[.]" Therefore, we cannot find that the circuit court erred in granting respondents' motion to quash the notice of deposition before it ruled upon respondents' motion to dismiss. Once the circuit court granted respondents' motion to dismiss, the

_____

[6] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, that briefs must contain "an argument clearly exhibiting the points of fact and law presented, . . . [and] appropriate and specific citations to the record on appeal[.] The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal."

[7] Because we find that petitioner failed to comply with a statutory requirement that would trigger a duty on the part of respondents, we need not address petitioner's contentions that he was entitled to damages, sanctions, fees, and costs. *See* W. Va. Code § 11A-3-67 ("If any officer mentioned in this article shall refuse to perform any duty required of him, he shall forfeit not less than twenty-five nor more than one hundred dollars for each such failure or refusal . . . .). Further, in his brief before this Court, petitioner cites cases that address a lack of immunity for officials related to ministerial acts, but he fails to cite any authority that entitles him to damages beyond those set forth in the statute. *see also* Syl. Pt. 6, *W. Va. Dep't of Transp., Div. of Highways v. Parkersburg Inn, Inc.*, 222 W. Va. 688, 671 S.E.2d 693 (2008) ("When a plaintiff does not prevail as to liability, any errors he claims as to the issue of damages are harmless because, without a verdict on the liability issue, the plaintiff is not entitled to any damages.").

requested depositions were unnecessary.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

5